IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UDEIRIAN GRAYSON, #382893, PLAINTIFF, | § § § § | |
| v. | § § | CIVIL CASE NO. 3:22-CV-524-G-BK |
| DALLAS COUNTY POLICE DEPARTMENT /DETECTIVES, DEFENDANTS. | § § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for pretrial management, including the issuance of findings and a recommended disposition where appropriate. The Court granted *pro se* Plaintiff Udeirian Grayson's motion to proceed *in forma pauperis* but did not issue process. Doc. 5. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim.

**I. BACKGROUND**

On March 4, 2022, Grayson, a state prisoner, filed a *Civil Rights Complaint* under 42 U.S.C. § 1983 against the Dallas Police Department and an unidentified detective. Doc. 3 at 1, 3. As best the Court can glean from his *Complaint* and *Answers to the Magistrate Judge's Questionnaire* (MJQ responses), Grayson asserts constitutional violations stemming from his arrest on June 22, 2019, for aggravated sexual assault of a child, and his subsequent 13-month confinement in the Dallas County Jail before the dismissal of the charge on July 6, 2020. Doc. 3

at 4; Doc. 9 at 3. Grayson alleges that the purported victim's mother lied and the detective did not thoroughly investigate and interview all witnesses present at the time of the alleged crime. Doc. 3 at 6; Doc. 9 at 4. Grayson also avers that a DNA test "came back a no match for me." Doc. 3 at 6. He requests monetary damages for "mental anguish, defamation of character, lost wages and false imprisonment." Doc. 3 at 4.

As detailed below, the Court concludes that Grayson's claims are time barred in part and fail to state a legally cognizable claim.

## II. ANALYSIS

Because Grayson is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). These statutes provide for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is premised "on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Grayson's complaint is frivolous and fails to state a claim.

### A. False Imprisonment Claim Fails as a Matter of Law

Grayson complains that he was falsely imprisoned for 13 months from June 22, 2019, until July 6, 2020. His claim fails as a matter of law, however. Following his arrest, Grayson appeared before a magistrate judge on June 23, 2019, and was arraigned. Doc. 9 at 3; *State v. Grayson*, No. F1955914 (Dallas Cnty.) (*Arraignment Sheet*).[1] Then, on August 12, 2019, a grand jury returned an indictment against him. Doc. 9 at 3. Because these ensuing events broke the chain of causation for any false arrest and sufficiently evince a finding of probable cause by a neutral magistrate, Grayson's false imprisonment claim is foreclosed. *See Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 813 (5th Cir. 2010) (a court appearance or grand jury indictment "breaks the chain of causation for an allegedly false arrest, insulating the initiating party"); *Haggerty v. Tex. S. Univ.,* 391 F.3d 653, 655 (5th Cir. 2004) (false imprisonment claim requires showing of arrest absent probable cause).

Grayson's false imprisonment claim is also time barred. The two-year statute of limitations accrued, at the latest, on June 23, 2019, when Grayson appeared before the magistrate for arraignment and was detained pursuant to legal process. Doc. 9 at 3. *See Wallace v. Kato*, 549 U.S. 384, 389-90 (2007) ("[A] false imprisonment ends once the victim becomes held pursuant to such process—when, for example, he is bound over by a magistrate or arraigned on charges."); *Winfrey v. Rogers*, 901 F.3d 483, 492 (5th Cir. 2018) ("[False imprisonment claim] 'begins to run at the time the claimant becomes detained pursuant to legal process.'" (quoting *Wallace*, 549 U.S. at 397)). Under these facts, the latest Grayson could have timely filed his

---

[1] The docket sheet for Case No. F1955914 is available on the Dallas County website at https://obpublicaccess.dallascounty.org/PublicAccessEP1/CriminalCourts/ (last accessed on June 7, 2023).

§ 1983 civil rights action was June 23, 2021. However, his complaint is deemed filed at the earliest on March 1, 2022—more than eight months later— which is the date the U.S. Postal Service postmarked the envelope with his complaint and motion to proceed *in forma pauperis*.[2]

### B. Federal Malicious Prosecution Claim also Fails

Insofar as Grayson asserts a timely malicious prosecution claim against the unidentified police department detective, this claim likewise fails.[3] As an initial matter, the Court notes that the United States Supreme Court has explicitly overruled the previous precedent of the Court of Appeals for the Fifth Circuit that a Fourth Amendment malicious prosecution claim was not authorized under 42 U.S.C. § 1983. *See Thompson v. Clark*, ___ U.S. ___, 142 S. Ct. 1332, 1337 (2022) ("This Court's precedents recognize such a claim." (collecting cases)); *see also Castellano v. Fragozo*, 352 F.3d 939, 942 (5th Cir. 2003) (en banc) ("'[M]alicious prosecution' standing alone is no violation of the United States Constitution[.]"), *abrogated in part by Thompson*, 142 S. Ct. 1332; *Morgan v. Chapman*, 969 F.3d 238, 251 (5th Cir. 2020) ("Under this circuit's precedents, there is no constitutional right to be free from abuse of process or malicious

---

[2] A *pro se* prisoner's § 1983 complaint is deemed filed as soon as the prisoner deposits it into the prison mail system. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). Grayson signed and dated the complaint and motion to proceed *in forma pauperis* on September 27, 2021, but did not certify the date on which he placed it in the prison mail system. Doc. 3 at 5. It is implausible that nearly five months elapsed from the date he signed his pleadings and the date they were delivered to the U.S. Postal Service. That notwithstanding, even if Grayson's complaint is deemed filed on September 27, 2021, the false imprisonment claim would still be untimely by three months.

[3] Although Grayson never specifically complains of malicious prosecution, the Court liberally construes his allegations to raise such a claim. Doc. 3 at 3-4. A malicious prosecution claim accrued on July 6, 2020, when Grayson's indictment was dismissed and thus the prosecution ended in his favor. *See Winfrey*, 901 F.3d at 492 ("A malicious-prosecution claim is based upon detention accompanied . . . by wrongful institution of legal process. It does not accrue until the prosecution ends in the plaintiff's favor." (cleaned up & quoted cases omitted)).

prosecution."). Nevertheless, Grayson's fails to state a legally cognizable claim since, based on his factual allegations, he clearly cannot establish at least two of the essential elements of malicious prosecution—lack of probable cause and malice. *See Armstrong v. Ashley*, 60 F.4th at 262, 279 (5th Cir. 2023) (elements of a § 1983 malicious prosecution claim are: (1) the commencement of an original criminal proceeding against the plaintiff which (a) was legally precipitated by the defendant and (b) resulted in bona fide termination in favor of plaintiff; (2) the absence of probable cause for such proceeding; (3) malice; and (4) damages).

As to the absence of probable cause, the independent intermediary doctrine insulates the investigator from liability because an indictment was subsequently returned. *See Anokwuru v. City of Houston*, 990 F.3d 956, 963 (5th Cir. 2021) (addressing independent intermediary doctrine in context of false imprisonment claim); *Bledsoe v. Willis*, No. CV 21-4367, 2023 WL 2987888, at *4 (W.D. La. Mar. 30, 2023) (applying intermediary doctrine in malicious prosecution context and citing *Anokwuru*), *appeal docketed*, No. 23-30238 (5th Cir. Apr. 17, 2023). Here, while Grayson asserts that DNA found on the victim did not match his and that the detective failed to investigate thoroughly and interview all the witnesses at the time of the crime, Doc. 3 at 6; Doc. 9 at 4, he does not suggest that any false, material information was deliberately or recklessly provided to the grand jury or that other knowing and intentional omissions were made. *See Amstrong*, 60 F.4th at 279 (finding general allegations of suppression, destruction and fabrication of evidence without factual support lacked facial plausibility to sufficiently plead lack of probable cause). *Cf. Bledsoe*, No. CV 21-4367, 2023 WL 2987888, at *4 (concluding the plaintiff plausibly alleged lack of probable cause for malicious prosecution claim because he alleged the arrest warrant would not have been issued but for the reckless investigation that

omitted exculpatory evidence). Thus, Grayson's allegations do not establish even "the threshold element of an unlawful Fourth Amendment seizure." *Armstrong*, 60 F.4th at 279.

Grayson also fails to plead the existence of malice or any facts from which it can be reasonably inferred. Again Grayson complains only that a better or more extensive investigation should have been conducted, and not that the investigator acted with malice toward him. Further, he neither suggests nor proffers facts from which it could be inferred that the investigator submitted false information or intentionally withheld exculpatory information from the grand jury. *See Amstrong*, 60 F.4th at 279.

For these reasons, Grayson fails to state a legally cognizable malicious prosecution claim. It should therefore be dismissed.

### C. Negligence and Defamation of Character Claims Likewise Fail

Next, Grayson vaguely complains of malpractice and defamation of character. Doc. 3 at 3 (alleging the investigator "did not do his job thorough/malpractice"); Doc. 3 at 4 (seeking compensation for "defamation of character"). Negligent conduct, however, does not amount to a constitutional violation. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986). Moreover, Grayson fails to allege the essential elements of a defamation claim because he has not supported his conclusory contentions with sufficient facts to state a plausible claim. *See WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998) (to plead defamation under Texas law, the plaintiff must allege that the defendant "(1) published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting with . . . negligence, if the plaintiff was a private individual, regarding the truth of the statement.").

In any event, Grayson's negligence and defamation claims are also time barred. The statute of limitations for such claims began to run at the latest on August 12, 2019, when

Grayson was indicted. *See Askanase v. Fatjo*, 130 F.3d 657, 668 (5th Cir. 1997) (two-year limitations period for negligence); *Cain v. Hearst Corp.*, 1 F.3d 345, 346 (5th Cir. 1993) (one-year limitations period for libel and slander). Thus, the deadline to file suit for defamation was thus August 12, 2020, and for negligence was August 12, 2021. Again, March 1, 2022, is the earliest possible date on which Grayson's complaint can be deemed filed, which is well outside both limitations' periods.

Thus, to the extent Grayson intends to plead defamation and negligence claims, they are frivolous and fail to state a claim. As such, they should be dismissed.

### D.  Claims Against Remaining Defendants Should Also Be Dismissed

In his MJQ responses, Grayson abandons any claims against the Dallas Police Department (a non-suable entity). He instead names the District Attorney as Defendant as to the alleged speedy trial violations. Doc. 9 at 4. But any claim for monetary damages against the District Attorney is barred by the doctrine of absolute immunity. The District Attorney is immune from suit for any action taken pursuant to his role as prosecutor in preparing for the initiation of judicial proceedings and in presenting the State's case. *See Kalina v. Fletcher*, 522 U.S. 118, 129 (1997); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir. 1997).

### III. LEAVE TO AMEND

Generally "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Even so, the Court need not grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* Based on the legal theories and facts Grayson posits, he cannot, as a matter of law, state a plausible legal claim. In addition, the Court has already permitted him to supplement his

complaint by his MJQ responses.  Thus, the Court concludes that Grayson has already pled his best case and granting further leave to amend would be futile and cause needless delay.

## IV. CONCLUSION

For all these reasons, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

**SO RECOMMENDED** on July 18, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).